1  CDF LABOR LAW LLP
2     Dan M. Forman, State Bar No. 155811
   dforman@cdflaborlaw.com
3     Linda Wang, State Bar No. 317984
   lwang@cdflaborlaw.com
4  707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
5  Telephone: (213) 612-6300

6  Attorneys for Defendant
GRUMA CORPORATION

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  FRANCY GROSSO,                                    ) Case No. 2:21-cv-04613
                                                     )
12              Plaintiff,                           ) (Removed from Los Angeles Superior
         v.                                          ) Court, Case No. 21STCV19162)
13                                                   )
    GRUMA CORPORATION dba                            ) **DEFENDANT GRUMA**
14  MISSION FOODS, DANIEL                            ) **CORPORATION'S NOTICE OF**
    JIMENEZ, and DOES 1 to 100,                      ) **REMOVAL OF CIVIL ACTION TO**
15  inclusive,                                       ) **UNITED STATES DISTRICT**
                                                     ) **COURT PURSUANT TO 28 U.S.C.**
16              Defendant.                           ) **§§ 1332(a), 1441(a) and 1446**
                                                     )

NOTICE OF REMOVAL

1811510.2

**TO THE CLERK OF THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Gruma Corporation ("Gruma"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") sections 1332(a), 1441 and 1446. In support of this removal, Gruma states as follows:

## I. PLEADINGS, PROCESS AND ORDERS

1. On or about May 21, 2021, Plaintiff commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, captioned *Francy Grosso v. Gruma Corporation, et al.* and bearing the case number 21STCV19162 (the "Action"). The Summons and Complaint have not been served on Gruma. True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to the Declaration of Dan M. Forman ("Forman Decl.") as **Exhibit A**.

2. The Complaint asserts claims for: (1) Discrimination On The Basis Of Sex/Gender In Violation Of FEHA; (2) Sexual Harassment In Violation Of FEHA; (3) Retaliation For Complaining Of Discrimination And/Or Harassment On The Basis Of Sex/Gender In Violation Of FEHA; (4) Discrimination On The Basis Of Disability In Violation Of FEHA; (5) Harassment On The Basis Of Disability In Violation Of FEHA; (6) Retaliation For Complaining Of Discrimination And/Or Harassment On The Basis Of Disability In Violation Of FEHA; (7) Failure To Provide Reasonable Accommodation In Violation Of FEHA; (8) Failure To Engage In The Interactive Process; (9) Violation Of Labor Code § 1102.5; (10) Wrongful Constructive Termination Of Employment In Violation Of Public Policy (Labor Code § 1102.5, FEHA); (11) Failure To Prevent Discrimination, Harassment, And Retaliation In Violation Of FEHA; (12) Intentional Infliction Of Emotional Distress.

[*See* Complaint for Damages ("Compl.") generally.]

## II. JURISDICTION

3. This court has original jurisdiction over this Action under 28 U.S.C. sections 1332(a), 1441 and 1446 as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

## III. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

4. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

5. Plaintiff has not served the Summons and Complaint on Gruma as of the date of this removal. Forman Decl. ¶ 2.

6. At the time of this removal, Gruma has not filed a response, or otherwise appeared in the action. Forman Decl. ¶ 4.

7. Less than thirty (30) days have passed since Plaintiff filed his Complaint on May 21, 2021. Furthermore, Gruma has not been served with any process, pleadings, or other court documents in this case. Forman Decl. ¶ 2. Therefore, Gruma's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b). *See Novak v. Bank of New York Mellon Tr. Co., NA.,* 783 F.3d 910, 911 (1st Cir. 2015) ("service generally not a prerequisite for removal" and a "defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends").

8. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Los Angeles and with the Clerk of the

Central District of California. True and correct copies of the Notice to the Plaintiff and the State Court shall be filed promptly.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332 AND §1441.

9. Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a) (diversity of citizenship). Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

**A.   The Parties Are Completely Diverse.**

10. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

11. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

12. The Complaint alleges that Plaintiff is a resident of the County of San Bernardino, which is in the State of California. [Compl. ¶ 3.] Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

13. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters –

provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

14. Gruma, at the time of the filing of this action, and since, was incorporated under the laws of the State of Nevada. [Declaration of Horatio Gaitan ("Gaitan Decl.") ¶ 3.] Gruma's principal place of business and the location where its officers direct, control, and coordinate its corporate activities was, at the time of the filing of this action, and still is, in Irving, Texas. [Gaitan Decl. ¶ 4.] Therefore, at all material times, Gruma has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

15. Because Gruma is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §1332(a).

**B.     The Amount-in-Controversy Requirement is Satisfied.**

16. The allegations of the Complaint demonstrate that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the complaint does not specify a particular amount of damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[1] A defendant may show the amount in controversy "by

---

[1] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice is challenged. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

NOTICE OF REMOVAL

setting forth the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

17. Plaintiff alleges that Gruma's conduct caused her significant economic and noneconomic damages, including job loss, loss of wages and benefits, unpaid expenses, damage to her career, emotional distress, humiliation, mental anguish, and physical and emotional suffering; and that she is also entitled to penalties, punitive damages, and attorney's fees. *See* Compl. ¶¶ 11-14, 19-21, 25-27, 32-34, 39-41, 46-47, 52-54, 60-62, 68-70, 75-76, 88-90, 95-96, Prayer for Relief, ¶¶ 1-6.

18. It is "more likely than not" that, if Plaintiff prevails on each of her causes of action and recovers the damages that she seeks for each claim, Plaintiff will recover more than $75,000.[2]  *See Sanchez*, 102 F.3d at 403-404. Plaintiff's annual compensation at the time of her termination of employment with Gruma was approximately $29,120/year or $14.00 per hour. [Gaitan Decl. ¶ 6.b.] Plaintiff claims that she was constructively terminated on March 4, 2021. [Compl. ¶ 10(g); *see* Gaitan Decl. ¶ 6.a.] Assuming that Plaintiff would have continued working at her final pay rate, lost wages to date would be at least $7,840 (approximately 14 weeks since March 4, 2021 x $29,218 per year/52 weeks in a year). Because this case is still in the very early pleading stage, it will not be ready for trial for at least

---

[2] By estimating the amount Plaintiff may recover if she prevails, Gruma does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Gruma reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

another year, at which point Plaintiff's lost income claim will have increased by an additional $29,120.  Thus, the lost wage claim alone will be at least $36,960 without taking into consideration any interest.

19. The above calculation does not include additional alleged lost future wages or lost benefits.  [Compl., ¶ 11.]

20. Additionally, the amount in controversy for medical specials will likely be significant if Plaintiff prevails.  Plaintiff claims that she began seeking treatment from a psychiatrist on March 9, 2021 as a result of her experience at Gruma, and was prescribed medication to help with her anxiety, depression, and insomnia.  Plaintiff further claims that she expects to continue treatment. [Compl., ¶ 10(i).]  Plaintiff may also be entitled to expert fees if experts are necessary to prove need for past and future treatment.  When those recoveries are included in the above calculation, the amount in controversy will be higher than the $75,000 jurisdictional threshold.

21. Plaintiff also alleges that she suffered emotional distress and hence the damages for this distress, although not specified in the Complaint, are also properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031, 1034 (N.D. Cal. 2002) ("[E]motional distress damages in a successful employment discrimination case may be substantial.").

22. Furthermore, Plaintiff's attorney's fees is properly considered when determining whether the amount in controversy meets the jurisdictional threshold. *Galt G/S v. JSS Scandinavia*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract); *Simmons*, 209 F.Supp.2d at 1034 (attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA). As noted in *Simmons*, attorneys' fees in employment cases often exceed the damages awarded.  209 F. Supp.2d at 1034-35 (relying on the court's twenty-plus years' experience adjudicating employment cases).

23. Finally, Plaintiff has requested an award of punitive damages, which are also included in calculating the amount placed in controversy. *Bell v. Preferred Life*

*Assurance Soc'y*, 320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

24. The evidence demonstrates that her potential recovery will exceed the jurisdictional minimum of $75,000. Other courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were less than the damages Plaintiff seeks here. *See Simmons*, 209 F.Supp.2d at 1031 (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff, like Grosso, also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages). Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. See *Sanchez*, 102 F.3d at 403-404.

## V. **CONCLUSION**

25. Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Plaintiff is not a citizen of the same state as Gruma. In addition, the claims of Plaintiff place

more than $75,000 in controversy. Thus, removal to federal court is proper.

26. In the event this Court has a question regarding the propriety of this Notice of Removal, Gruma requests that the Court issue an Order to Show Cause so that Gruma may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

WHEREFORE, Defendant Gruma removes this action to this Court.

Dated: June 4, 2021         CDF LABOR LAW LLP

By: _____/s/ *Dan M. Forman*_____
Dan M. Forman
Attorneys for Defendant
GRUMA CORPORATION